[S. F. No. 7904.    Department One.—February 15, 1918.]

## CHARLES J. YOUNGBERG, Appellant, v. SOUTH END WAREHOUSE COMPANY (a Corporation), Respondent.

CONTRACT—EXTINCTION BY NEW CONTRACT.—A written contract of employment by which a corporation agreed to pay the plaintiff one-fourth of its net income in consideration of services to be rendered by the plaintiff, was extinguished by a later contract made between the same parties and a third person employed subsequently by the corporation by which, in consideration of the transfer to the plaintiff of one-half of the capital stock of the corporation and the payment to him of a stated salary, the plaintiff released his claims against the corporation for whatever share of the profits of the corporation was then due, and by a clause in this later agreement by which the plaintiff and the third party, then employed by the corporation, assumed all the indebtedness of the corporation, and also agreed that none of the parties should draw any money except their respective salaries.

ID.—EVIDENCE—ORAL TESTIMONY—HARMLESS ERROR.—The admission of oral testimony, in such case, to the effect that it was understood and agreed between the parties that the later agreement should have the effect of extinguishing the liability of the defendant to pay any share of its previous profits to the plaintiff was immaterial error, even if its admission was improper, since there was no ambiguity or uncertainty in the written instrument and no other meaning could be given to it than that the plaintiff's former contract with the corporation, and all liabilities which had accrued thereunder, were to be at an end.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

Wm. M. Sims, and F. A. Plank, for Appellant.

W. C. Sharpstein, for Respondent.

RICHARDS, J., *pro tem.*—This is an appeal from a judgment in favor of the defendant in an action brought by the plaintiff to recover the sum of $12,301.33, claimed to have become due to him under a certain written agreement made

and entered into between the parties hereto on February 1, 1909, and which provided for the delivery by defendant to plaintiff of one-fourth of its net income and profits, in payment for the rendition by the plaintiff of certain services to the defendant, as set forth in said agreement.    The defendant in its answer admits the making of said original agreement, and the performance for a time of certain services by the plaintiff thereunder, but denies that there was ever any greater sum than two thousand four hundred dollars due or owing to said plaintiff under such agreement; and by way of further answer and defense avers, that by a subsequent agreement in writing, entered into between the parties on April 15, 1911, the said plaintiff waived and released his claims against the defendant for whatever share of its profits was due under the terms of the former agreement, for the consideration of the transfer to him of one-half of the capital stock of the defendant corporation, and of the payment to him thereafter of a stated salary of one hundred dollars a month for all future services to be performed by him. Upon the trial of the cause upon the issues thus tendered, both of these agreements were presented in evidence.    There were also certain other facts admitted by the pleadings or referred to in the writings, which were the subject of proper consideration by the trial court in determining its rulings as to the effect of the later writing in respect to the obligations of the former one.    One of these facts as admitted by the express terms of the plaintiff's complaint, was the fact that shortly after the date of the first agreement between the parties, one G. W. Thomas was employed by the defendant, pursuant to an oral understanding with the plaintiff, to perform certain of the services which the plaintiff had engaged to perform by the terms of said writing.    Another fact shown in evidence at the trial and found by the court, was the fact that the defendant was in an insolvent condition on April 15, 1911, the date of the second written agreement.    This later agreement contained a clause providing that the plaintiff, as one of the parties thereto, together with one George W. Lamb, also a party thereto, "hereby agree to assume, and hereby assume, all of the indebtedness due and owing from the South End Warehouse Company. . . ."    Said agreement also contained a clause providing that "none of the parties of the third part (which included plaintiff) shall draw any money

except their respective salaries, which are hereby fixed at $250 a month for said George W. Lamb, and $100 a month for said Charles J. Youngberg.'' Upon the trial of the cause the defendant offered certain oral evidence for the purpose, as it was claimed, of explaining these two clauses of the later agreement by showing that at the time of its execution it was orally understood and agreed between the parties to it that it should have the effect of extinguishing whatever liability the defendant might be under to pay any share of its previous profits to the plaintiff. To the introduction of this oral evidence the plaintiff objected, upon the ground that it operated to change the terms of the written agreement and was inadmissible under the provisions of sections 1625 and 1639 of the Civil Code. The court overruled the objection and admitted the evidence, and upon the strength of this admission, in effect, construed the later agreement of the parties, in its findings, to amount to an extinction of the obligation and liability created by the earlier agreement for a division of the defendant's profits with the plaintiff. It is this alleged erroneous ruling of the trial court which underlies the several assignments of error which are urged upon this appeal.

We are entirely satisfied from an examination of the terms of the written contract between the parties, dated April 15, 1911, and particularly of the above-quoted clause of it, that said writing required no explanation or aid from oral evidence to make clear its meaning. The agreement of the plaintiff, that he, together with another of the parties to it, would assume all the indebtedness of the South End Warehouse Company, and his further agreement not to draw any money except his salary, then for the first time fixed at the definite sum of one hundred dollars a month can be given no other meaning than that his former contract with the corporation, and all obligations which had accrued thereunder, was to be at an end. The fact shown in evidence without objection and found by the court, that the defendant corporation was at the date of this second agreement with the plaintiff in an insolvent condition, would add further certainty to this interpretation if that were necessary, but it did not require the aid of the oral evidence which the court heard over the objection of the plaintiff, to explain uncertainties or ambiguities which did not exist. The ruling of the court, however, in the admission of such evidence, if improper, was

nevertheless an immaterial error, since it was bound to decide in any event that the plaintiff was foreclosed by the express terms of his written agreement from a recovery in this action.

Judgment affirmed.

Sloss, J., and Shaw, J., concurred.

Hearing in Bank denied.